UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARLOS ALFREDO CARDENAS-
GONZALEZ,

Plaintiff,

v.

UNION CITY POLICE DEPARTMENT,
ALAMEDA COUNTY,

Defendant.

Case No. 26-cv-00331-EKL

**ORDER DISMISSING MATTER
WITHOUT PREJUDICE**

Re: ECF Nos. 1, 3, 4

Petitioner Carlos (Alfredo) Cardenas-Gonzales, a *pro se* state detainee, filed the instant petition for writ of habeas corpus alleging excessive force by unidentified police officers, as well as duplicate applications to proceed *in forma pauperis*.  ECF Nos. 1, 3, 4.

Petitioner fails to state a cognizable federal habeas corpus claim.  Prisoners may generally pursue federal relief related to their imprisonment through two major avenues:  (1) a petition for writ of habeas corpus, or (2) a civil rights complaint under 42 U.S.C. § 1983.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement.  *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).  Requests for relief turning on circumstances of confinement may not be presented in a federal habeas corpus petition, but they may be presented in a § 1983 action.  *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

While the Court may, where appropriate, convert a habeas corpus petition into a federal civil rights complaint under 42 U.S.C. § 1983, the Court declines to do so here.  Petitioner does

United States District Court
Northern District of California

not identify proper defendants or provide any grounds for municipal liability against Respondent, the Union City Police Department, and will therefore need to file an amended filing before he can seek relief.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local government entities cannot be liable under § 1983 under *respondeat superior* theory); *see also Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016) (noting that "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.").

Accordingly, this matter is DISMISSED WITHOUT PREJUDICE to Petitioner raising his claims in a new federal civil rights complaint.  The Clerk shall terminate all pending motions, provide Petitioner with a blank prisoner civil rights complaint form, and close the file.

**IT IS SO ORDERED.**

Dated:   June 24, 2026

_____
Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

2